# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR15-87-LTS |
| Plaintiff, | |
| vs. | **ORDER ON GOVERNMENT'S RULE 615(c) MOTION** |
| BRYAN KING, | |
| Defendant. | |

_____

Currently before me is the Government's motion (Doc. No. 67) to allow each party's expert to be present in the courtroom during the testimony of the opposing party's expert pursuant to Federal Rule of Evidence 615(c). Defendant Bryan King has filed a resistance (Doc. No. 72).

## I.   BACKGROUND

King is charged by indictment with sexual exploitation of a child, distribution of child pornography and possession of child pornography. He has pleaded not guilty to each count. Trial is set to begin August 8, 2016. King intends to present a diminished capacity defense supported by the opinion testimony of Dr. Stephen Peterson. The Government then intends to call Dr. Daniel Tranel as a rebuttal expert witness.

## II.   ANALYSIS

The Government argues that Dr. Tranel should be allowed to be present during Dr. Peterson's testimony and, conversely, that Dr. Peterson should be allowed to be present during Dr. Tranel's testimony. King disagrees.

*A. Applicable Standards*

Rule 615 provides: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own." Fed. R. Evid. 615. The trial management order for this case in this case includes the following provision:

> A. <u>Exclusion of Witnesses</u>. A witness who may testify at the trial or at an evidentiary hearing will not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

Doc. No. 28 at 13-14 (Section XVI(A)). Thus, the sequestration of any witness not exempted by Rule 615 is automatic, unless the court orders otherwise.

"'The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty.'" *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012) (quoting *United States v. Collings*, 340 F.3d 672, 681 (8th Cir. 2003)). However, Rule 615 itemizes various exceptions, including one that applies to "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c) (formerly designated as Rule 615(3)). With regard to this exception, the Eighth Circuit Court of Appeals has stated: "A party seeking to exempt a witness from a sequestration order must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995) (citing *United States v. Agnes*, 753 F.2d 293, 306-07 (3d Cir. 1985)). In light of *Klaphake*, this court has noted that merely establishing that a witness's presence in the courtroom would be "helpful" is not enough to satisfy Rule

2

615(c). *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1061, 1066-67 (N.D. Iowa 1998) (holding that the defendant established that the presence of his investigator was "essential").

## B. *Analysis*

The Government does not seem to contend that it "could not effectively function in [Dr. Tranel's] absence," as required by *Klaphake*. Instead, it points out differences between fact witnesses and expert witnesses and contends that expert witnesses pose a reduced risk of tailoring their testimony based on the testimony of prior witnesses. The Government also advocates for a six-factor test that has been used in the Seventh Circuit. Doc. No. 67-1 at 4-6 (citing *United States v. Jackson*, 60 F.3d 128 (7th Cir. 1995)).

As a matter of practice and policy, I agree with the Government that, at least in most cases, it makes less sense to sequester expert witnesses than fact witnesses. Expert witnesses typically disclose their opinions, and the grounds for those opinions, in advance of trial. If nothing else, any effort by an expert to alter his or her testimony based on the testimony of other witnesses is likely to be exposed on cross-examination. By contrast, a fact witness may consciously or unconsciously conform his or her recollection to that of a prior witness without detection. Under the circumstances present here, I see virtually no risk of harm or prejudice to either party if the experts are allowed to be present for each other's testimony.

However, that is not the test. Instead, the Rule 615(c) determination in this circuit turns on whether a party "could not effectively function" without having the witness in the courtroom. Under that test, the Government's motion fails. Both experts will be sequestered pursuant to Rule 615 and the trial management order. While this decision likely has the greatest impact on the Government, as Dr. Peterson will testify first (during King's case-in-chief), it will apply with equal force to King. This means, for example, that if King wishes to preserve the possibility of recalling Dr. Peterson as a sur-rebuttal

witness, Dr. Peterson will have to remain sequestered even after he testifies during King's case-in-chief.

### III. CONCLUSION

For the reasons set forth herein, the Government's motion (Doc. No. 67) pursuant to Federal Rule of Evidence 615(c) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of August, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE